## L. J. MUELLER FURNACE CO. v. BRYANT HEATER & MFG. CO.

### No. 6230.

Circuit Court of Appeals, Sixth Circuit.

May 16, 1933.

C. B. Morsell, of Milwaukee, Wis. (Morsell & Morsell, of Milwaukee, Wis., and Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellant.

128

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

This is an appeal from a decree adjudging invalid claims 9 and 11 to 15 of Reissue Patent No. 17,817 granted to appellant, as assignee of Edwin A. Jones, the inventor. The patent relates to a gas furnace consisting of a metal casing within which there is a heating unit so constructed as to form a series of serpentine flues between the walls thereof, a box-like extension opening in the front portion of the unit projecting outwardly through the metal casing, and a door or closure plate hinged or bolted to a ledge or flange formed on the forwardly extended portion of the box-like extension. Each heating unit is formed of a pair of bolted-together complementary sections, each of which carries a half section of the extension. When the complementary sections are bolted together, the sectional extensions form the box-like structure through which the flue passages are accessible for cleaning.

The proofs show that preliminary sketches for the furnace were made in December of 1926, the patterns completed in February of 1927, and the furnace put on the market the following August or September. The original patent was issued January 24, 1928, upon an application filed August 29, 1927. Long before the earliest of these dates, vertically extending, serpentine furnace flues inclosed in metal casings were old. Fassett and Macbeth, No. 934,903; Bacon, No. 1,151,750; Lawrence, No. 1,546,592. It was also old to form the flues by bolting together two complementary, undulating, or sinuous sections. In June of 1925 the appellee constructed a furnace embodying flues of this character. Even at that time openings through the outer casing of furnaces to give access to the interior of the flues and passageways were a part of the prior art. Bartlett, No. 30,039; Eskil, No. 512,689; Wingert, No. 606,752; Lawrence, No. 1,546,592; Scherer, No. 1,-647,315. In view of this art, the appellant can claim, in our opinion, nothing more than the combination of its particular type of opening with the other elements of its structure commonly known and used in furnace construction.

The idea of constructing furnaces in which the flues were readily accessible for cleaning did not originate with the patentee. As early as 1926 the American Gas Association issued bulletins requiring that the passageways of flues "be accessible for cleaning." Clean-out openings at that time were a feature of construction with which furnace builders had theretofore dealt—seemingly to an extent that was deemed sufficient for the demands of the trade. It was evidently thought, however, by the association that readier accessibility would be an improvement and that it could be provided by the skill of the builder. There was then in existence a body of art from which it seems to us to have been but an obvious step to Jones. This is made apparent, we think, from a comparison of Jones with Scherer. The enlargement of the extension in Scherer to include the entire length of the heating unit would be the equivalent of Jones. We can see no invention in the conception or production of the Jones opening. All that he did was to build upon each complementary section an extension so that when the sections were joined together there would be a box-like extension through which the flue would be accessible for cleaning. The flues in construction and form were old, and clean-out openings into the flues through the casing were also old. Jones made a larger opening than had theretofore been made, attaining readier accessibility to all parts of the flues. In doing so he exercised nothing more, it seems to us, than the ingenuity of a builder.

The judgment is affirmed.